UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY THEODORE ORSINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. HAMMED,<br><br>    Defendant. | Case No. 5:22-cv-01417-FLA (PD)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I.    Pertinent Procedural History and Plaintiff's Claims**

On August 8, 2022, Plaintiff Johnny Theodore Orsinger ("Plaintiff"), proceeding pro se, filed a Complaint under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), with a request to proceed without prepayment of filing fees. Dkt. Nos. 1, 2. At the time he filed the Complaint, Plaintiff was incarcerated at the United States Penitentiary-Victorville ("USP-Victorville"). Dkt. No. 1 at 1. On August 11, 2022, the court screened the Complaint pursuant to 28 U.S.C. § 1915A(a)-(b)(1) and dismissed it for failure to adhere to Federal Rule of Civil Procedure 8 and failure to state sufficient facts warranting a temporary restraining order or preliminary injunction against the

Bureau of Prisons or the Warden. Dkt. No. 4. The Order granted Plaintiff leave to file an amended complaint curing the defects outlined in the screening order.

On September 6, 2022, Plaintiff filed a First Amended Complaint. Dkt. No. 6. Plaintiff alleges that on August 8, 2022, Defendant SIS Officer Hammed ("Hammed") acted unprofessionally by placing Plaintiff's life in imminent danger. *Id*. at 3, 5. He alleges that staff have forced him to be placed in the general population even though he has been placed in protective custody since 2016. *Id*. at 5. Plaintiff alleges Hammed has "unverified" his protective custody status, and that he is now subject to being assaulted or killed. *Id*. Plaintiff alleges his Eighth Amendment rights against cruel and unusual punishment were violated.[1] *Id*.

On November 10, 2022, the court issued a screening order pursuant to 28 U.S.C. § 1915A(a)-(b)(1) stating that by December 12, 2022, Plaintiff had to either file a notice of intent to proceed only on his Eighth Amendment claim against Hammed or file a second amended complaint. Dkt. No. 11. Plaintiff did neither and has not communicated with the court about his case since October 26, 2022. Dkt. No. 9.

On January 10, 2023, the court issued an Order to Show Cause ("OSC") by January 23, 2023, why the action should not be dismissed for failure to prosecute. Dkt. No. 12. On January 20, 2023, the OSC was returned in the mail with a notation that Plaintiff was no longer at USP-Victorville. Dkt. No. 13. According to the Bureau of Prisons' online database, Plaintiff is currently incarcerated at USP Coleman II in Sumterville, Florida. *See* https://www.bop.gov/inmateloc (Register No. 48683008).

The court issued an order extending the deadline for Plaintiff to file a response to the OSC to February 23, 2023. Plaintiff was also ordered to file a notice of change of address and warned that failure to file a timely response would

---

[1] On November 7, 2022, the court granted Plaintiff's request to proceed without payment of filing fees. Dkt. No. 10.

result in a recommendation that this action be dismissed for failure to prosecute. Dkt. No. 14. The order was mailed to Plaintiff at the USP Coleman II address. To date, Plaintiff has not responded to the OSC or otherwise communicated with the court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-6.

**II.     Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the court's docket – weigh in favor of dismissal. Plaintiff did not file a notice of intent to proceed only on his Eighth Amendment claim or a second amended complaint. His failure to do so, or show good cause for his delay, prevents the court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant – does not counsel in favor of dismissal because Defendant has not been served and may otherwise be unaware that a case has been filed. However, the Ninth Circuit has held that

3

prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the court attempted to avoid outright dismissal by giving Plaintiff ample time to respond to orders and to file a second amended complaint.  Plaintiff was also expressly warned that failure to comply with the court's orders could result in dismissal.  *See* Dkt. Nos. 12, 14.  Thus, the court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: April 5, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

5